UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE BLANDFORD,           )<br>                              )<br>         Plaintiff,          )<br>                              )   C.A. No. 07-1942 (RCL)<br>    v.                        )<br>                              )<br>DISTRICT OF COLUMBIA,         )<br>                              )<br>         Defendant.           )  | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
IN RESPONSE TO THE COMPLAINT**

Defendant District of Columbia (the "District"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 56, respectfully requests that the Court dismiss this matter. As demonstrated by the Statement of Material Facts Not In Dispute and Memorandum of Points and Authorities, the District released Plaintiff from the D.C. Jail on January 5, 2007, as was required, and Plaintiff was not in the District's custody until January 12, 2007 as Plaintiff claims. Thus, as the District has not violated Plaintiff's rights, the District is entitled to judgment as a matter of law.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division


        __/s/ Nicole L. Lynch_____
        NICOLE L. LYNCH (471953)
        Chief, Section II

      ___/s/_____
      DAVID A. JACKSON [471535])
      Assistant Attorney General
      441 4th Street, NW, 6th Floor South
      Washington, DC 20001
      (202) 724-6618
      Fax:  (202) 727-3625
      Davida.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2008, I served a copy of the foregoing upon the *pro se* Plaintiff, Theodore Blandford, 1731 13th South Road, Arlington, Virginia 22204, via first-class mail, postage prepaid.

      _____
      David A. Jackson
      Assistant Attorney General

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                   )
**THEODORE BLANDFORD,**             )
                                   )
      **Plaintiff,**      )
                                   )   **C.A. No. 07-1942 (RCL)**
    **v.**                  )
                                   )
**DISTRICT OF COLUMBIA**            )
                                   )
      **Defendant.**      )
_____)

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. On January 5, 2007, Theodore Blandford, DCDC 216825, was released from the custody of the District of Columbia Jail. *See* Ex. 1 (Decl. of Reena Chakraborty, Ph.D.); Ex. 2 (Release Authorization form); Ex. 3 (Inmate Acknowledgement of Release Processing).

2. From January 6, 2007 through January 12, 2007, the District of Columbia Jail has no record of Theodore Blandford, DCDC 216825, being an inmate in the D.C. Jail. *See* Ex. 1.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division


        __/s/ Nicole L. Lynch_____
        NICOLE L. LYNCH [471953]
        Chief, Section II

        ___/s/_____
DAVID A. JACKSON [471535]
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6618
Fax: (202) 727-3625
Davida.jackson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE BLANDFORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>)<br>Defendant. )<br>) | C.A. No. 07-1942 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT IN RESPONSE TO THE COMPLAINT**

Defendant District of Columbia (the "District"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56, respectfully requests that this Court grant judgment in its favor. As explained more fully herein and in the Statement of Material Facts Not In Dispute, Plaintiff's allegations that the District overdetained him are false, as the credible evidence in this matter demonstrates that the District released Plaintiff, as required, on January 5, 2007.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the above-captioned lawsuit, claiming that a Ms. Ada Coleman paid to the Superior Court of the District of Columbia a bond for Plaintiff's release on January 5, 2007. Compl. § V. Plaintiff attached to his Complaint an Appearance Bond and a receipt from the Superior Court indicating that $750.00 was indeed paid by Ms. Coleman on his behalf to the Superior Court. *See* Exs. to Pl.'s Compl. Plaintiff alleges that he was required to be released on January 5, 2007. He further alleges that rather than release him

as required on January 5, 2007, the D.C. Jail held Plaintiff for an additional seven (7) days. Compl. ¶ 5.

A review of Plaintiff's institutional files demonstrates that Plaintiff was released to self custody on January 5, 2007 at 9:43 p.m. Ex. 1 (Chakraborty Decl.); Ex. 2 (Release Authorization Form). According to the Inmate Acknowledgement of Release Processing, signed by the Plaintiff, Plaintiff was provided a copy of the Release Authorization Form, as well as his property, a fare card, a sweatsuit, a reentry ID card, a Unity Health Care flyer, and a Resource Guide. Ex. 3. As noted, this Form is signed by Plaintiff and witnessed by Lt. Johnson on January 5, 2007. Ex. 3.

Dr. Reena Chakraborty, statistician for the Department of Corrections conducted a review of the Jail's census for the time period between January 6, 2007 and January 12, 2007, the time period which Plaintiff contends he was overdetained. Ex. 1. A review of the Jail's census reveals that Plaintiff was not incarcerated at the D.C. Jail or the Correctional Treatment Facility at any time during the period of January 6, 2007 through January 12, 2007. *Id.*

## II.   STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

> [S]hall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). The moving party in a motion for summary judgment bears the initial burden of identifying evidence that demonstrates that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once a movant has made the required showing under the rule, the burden shifts to the opposing party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, (1986). In other words, "once the movant has supported a summary judgment motion by evidence of particular events, the court may properly look to the nonmovant for rebuttal evidence either from persons familiar with the events, or expect the nonmovant to otherwise cast more than metaphysical doubt on the credibility of the testimony." *Doe v. Gates*, 981 F.2d 1316, 1323 (D.C. Cir. 1993).

A trial court should enter summary judgment against a nonmoving party who fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the party will bear the burden of proof at trial. *Celotex*, *supra*, 477 U.S. at 322. As demonstrated below, the overwhelming, credible, record evidence in this matter demonstrates that Plaintiff's contentions are false, and thus judgment in favor of the District is appropriate.

### III. ARGUMENT

The overwhelming evidence in this case demonstrates that Plaintiff's contentions in this matter are false. Plaintiff's own signature documents his release on January 5, 2007 on a form entitled "Inmate Acknowledgement of Release Processing." Ex. 3. Dr. Chakraborty, statistician for the Department of Corrections has testified regarding the records indicating that Plaintiff was released on January 5, 2007. Ex. 1. Moreover, Dr. Chakraborty has attested that there is no record of a Theodore Blandford, DCDC 216825, at the D.C. Jail or the Correctional Treatment Facility for the time period that Plaintiff claims he was wrongfully detained. Ex. 1. Put simply, all credible evidence

3

demonstrates that Plaintiff's allegations are without merit. Thus, the District is entitled to judgment as a matter of law.

### IV. CONCLUSION

For the reasons set forth above, the District respectfully requests that the Court dismiss this matter with prejudice and grant judgment in its favor.

>Respectfully submitted,
>
>PETER J. NICKLES
>Interim Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>
>__/s/  Nicole L. Lynch_____
>NICOLE L. LYNCH [471953]
>Chief, Section II
>
>
>___/s/_____
>DAVID A. JACKSON [471535]
>Assistant Attorney General
>441 4th Street, NW, 6th Floor South
>Washington, DC 20001
>(202) 724-6618
>Fax:  (202) 727-3625
>Davida.jackson@dc.gov

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE BLANDFORD, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA <br><br> Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 07-1942 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF REENA CHAKRABORTY, Ph.D.

I, Reena Chakraborty, Ph.D., pursuant to 28 U.S.C., 1746, declare under penalty of perjury that the foregoing is true and correct:

1. I am employed in the capacity of Statstician, Forecasting by the D.C. Department of Corrections (DOC). In this capacity, I have access to DOC electronic data; in particular, historic census data (commencing 10-2-2006). I was asked to generate a computer file of the zero hour inmate census for the Central Detention Facility (D.C. Jail) for the period January 6 to 12, 2007. The file for this period has over 14,000 records.

2. I then queried those records by DCDC number to determine whether plaintiff, Theodore Blandford, DCDC 216-825, was incarcerated at the D.C. Jail at any time between January 6 and 12, 2007.

3. The results of the query were negative. Plaintiff was not on the inmate census list for any of those dates.

Ex. 1

4. Also, attached is a printout out of the "permanent release" screen on our JACCS database for this booking indicates that he was released on January 5, 2008. (Exhibit 1). The "transfer history" screen indicates that he was incarcerated only at the Jail (as opposed to the Correctional Treatment Facility) and was released on January 5, 2008. (Exhibit 2).

5. The password audit table is a machine table which is automatically date time stamped and is write-protected. I conducted a query of the password audit table to determine the dates and times the RELDATE field (Permanent Release) was accessed for DCDC 216-825 for the booking number 2006-17786 from 12/20/2006 to 3/7/2008. The attached excel spreadsheet of the result of that query (Exhibit 3) clearly indicates that the only time the field was accessed was on the date and time of release indicated in Exhibit 1. The data has not been modified since that time.

03/07/2008
DATE:

_Reena Chakraborty, Ph.D._
REENA CHAKRABORTY



# Inmate Transfer History Report
## District of Columbia Central Detention Facility

Today's Date: 03/07/2008

Inmate Name: BLANDFORD, THEODORE                    Booking# 2006-17786

| Transfer Date | From | To | Date Received | Sending Officer | Receiving Officer |
|---|---|---|---|---|---|
| 12/30/2006 19:56 | INITIAL | 12 | 12/30/2006 19:56 | SMITH, LYNNELL | SMITH, LYNNELL |
| 01/05/2007 21:37 | CENTRAL DETENTION | RELEASE | 01/05/2007 21:37 | JOHNSON, SONJI | JOHNSON, SONJI |

PN AUDIT Query for Dates and Times the BOOKING.RELDATE was accessed for DCDC 216825 BOOKING NUMBER 2006-17786 between 12/30/2006 and 03/07/2008

| action_date | user_id | terminal_id | action | original_data | new_data | table_name | column_name | audit_id | prog_id | pk_column_name | pk_column_value | jlocat | sysid |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/5/2007 21:37 | JOH078 | USV33803RG | E | | 1/5/2007 21:37 | BOOKING | RELDATE | 2971174 | OMS | SYSID | 297076 | 12 | 297076 |

# EXHIBIT 2

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS



## RELEASE AUTHORIZATION FORM

*P.5*

### To be completed by Records Office Staff

| Inmate's Name<br>BLANDFORD, THEODORE, | DCDC:<br>216825 | Institution<br>CDF | Date Prepared<br>01/05/2007 | Release Date<br>01/05/2007<br>Release Time |
|---|---|---|---|---|
| Release Type<br>CASH COLLATERAL | Releasing Authority<br>SUPERIOR COURT | | Release in custody of<br>SELF CUSTODY | |
| Detainer | ● No | Placed by: | | |

| | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| Charges on file released | ● | | NCIC Check Done | ● | |
| Bonds on file released | ● | | NCIC Check Result | ● Neg | Pos |
| Detainers on file released | ● | | Checked for Inmate identification | ● | |
| CourtView review completed | ● | | Checked for loose commitments | ● | |
| Is inmate a Juvenile | | ● | If Juvenile, cleared for release | | |

**Certification:**
I certify that this release is in accordance with applicable and controlling rules, regulations, and statutory provisions. I have personally reviewed this inmate's records and determined that there is no information therein that would prevent the type of release stated above.

Name/Title: K. Agyapong 01/05/2007 04:52:00 PM
**LEGAL INSTRUMENTS EXAMINER**

Name/Title: D. Thomas 01/05/2007 07:25:37 PM
**LEGAL INSTRUMENTS EXAMINER**

Special Instructions (if any):

### To be completed by R & D CONTROL or HALFWAY HOUSE STAFF

| Name of staff identifying inmate:<br>S. Johnson | Date of Release:<br>01/05/2007 | Released to: |
|---|---|---|
| | Time of Release:<br>09:43 PM | Transported by: |

### To be completed by AGENCY TAKING CUSTODY

| I have received the above named inmate, together with his/her Inmate Records (if applicable) | Name:<br>Title: | Signature: | Date: |
|---|---|---|---|
| Location: | | | |

Print 3 copies for the following parties: 1. Inmate Rec... 2. R&D Copy  3. Inmate Copy
(ENSURE ALL COPIES ARE SIGNED)

Form L: Release Authorization Form

Ex. 2

# EXHIBIT 3



## Inmate Acknowledgement of Release Processing

I, <u>BLANDFORD, THEODORE,</u>, DCDC Number <u>216825</u>, have been provided the following items upon being released from the D. C. Department of Corrections:

| | |
|---|---|
| ● Inmate issued Release Authorization Form<br>○ Inmate issued release plan<br>● Release plan not available | ● Inmate issued Unity Health Care Flyer<br>○ Inmate needs Meds. on release<br>○ Inmate does not need Meds. |
| ● Inmate issued their property<br>○ Inmate will return for property within 15 days<br>○ Inmate refused property<br>○ Inmate issued (1) token<br>● Inmate issued (1) fare card<br>○ Not needed | ○ Inmate issued their medications<br>○ Inmate refused medications<br>● Meds not needed<br>○ Meds not issued<br>Any medication should be taken as directed by the health professional that prescribed it. If you are at all unsure about taking any medication, always ask your pharmacist, GP or other health professional for advice.<br>If meds not issued, please state reason below: |
| ○ Inmate issued personal clothing<br>● Inmate issued sweatsuit<br>○ Inmate issued blue jumpsuit<br>○ Inmate issued orange jumpsuit | ○ Inmate issued personal identification<br>● Identification not available |
| ○ Inmate issued non-driver ID (DMV) information<br>● Reentry ID card<br>○ N/A | ● Inmate issued Resource Guide<br>○ N/A |
| Inmate Account Balance: | Cost Recovery Balance: |

Inmate Signature    Date 1-5-07

Witness Signature    Date 1-5-07

Ex. 3