UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE BLANDFORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>) | C.A. No. 07-1942 (RCL) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN RESPONSE TO THE COMPLAINT**

In his Opposition to the District of Columbia's (the "District") Motion for Summary Judgment ("Pl.'s Opp."), which provides evidence that Plaintiff was not overdetained, Plaintiff states that he "can prove that [he] was held seven days from [his] friend" who apparently posted his bond, and refers to a letter that had been faxed to a Superior Court judge that was forwarded to the D.C. Jail. Pl.'s Opp. Plaintiff does not attach the letter, or any other documentary evidence to rebut the evidence submitted by the District, which includes (1) a Release Authorization Form from the D.C. Jail demonstrating that Plaintiff was released on the appropriate day; (2) a *signed acknowledgement by the Plaintiff* that he was released on the appropriate day; (3) an affidavit by a Department of Corrections statistician who reviewed the D.C. Jail records and concluded that there was no record of Plaintiff being in the Jail during the time period Plaintiff claims he was overdetained.

The District has moved for summary judgment. This requires the Plaintiff to provide evidence – rather than mere allegations – to support his claim. *See Sierra Club v.*

*EPA,* 292 F.3d 895, 898-99 (D.C. Cir. 2002).  Plaintiff simply states that he "can prove" his allegations, rather than submitting the evidence he claims to have in order *to prove* his assertions.  Plaintiff's opposition must be supported by affidavits, declarations, or other competent evidence that would permit a reasonable jury to find in his favor.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Laningham v. United States Navy,* 813 F.2d 1236, 1242 (D.C. Cir. 1987).  Summary judgment must be granted if the non-moving party's evidence is "merely colorable" or "not significantly probative."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986).  Plaintiff has not met his burden in this regard; but rather has offered only conclusory allegations in response.[1]

                                    Respectfully submitted,

                                    PETER J. NICKLES
                                  Interim Attorney General for the District of Columbia

                                  GEORGE C. VALENTINE
                                  Deputy Attorney General
                                  Civil Litigation Division

                                  ___/s/  Samuel C. Kaplan_____
                                  SAMUEL C. KAPLAN (463350)
                                  Assistant Deputy Attorney General

                                  ____/s/  Shana L. Frost_____
                                  SHANA L. FROST (458021)
                                  Assistant Attorney General
                                  441 4th Street, NW, 6th Floor South
                                  Washington, DC 20001
                                  (202) 724-6534
                                  Fax:  (202) 727-3625
                                  shana.frost@dc.gov

---

[1] This Court has already advised Plaintiff in its April 17, 2008 Order that he is required to submit "affidavits or other documentary evidence contradicting the assertion[s]" made by the government in support of its summary judgment motion.  Order at 2 (April 17, 2008), quoting *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *see also* Fed. R. Civ. P. 56(e).

**CERTIFICATE OF SERVICE**

I hereby certify that on this _12th__ day of May, 2008, I served a copy of the foregoing upon the *pro se* Plaintiff, Theodore Blandford, 1731 13th South Road, Arlington, Virginia 22204, via first-class mail, postage prepaid.

    __/s/  Shana L. Frost_____
Shana L. Frost
Assistant Attorney General