UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THEODORE BLANDFORD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-1942 (RCL) |
| DISTRICT OF COLUMBIA JAIL, | ) ) | |
| Defendant. | ) ) ) | |

**FILED**

JAN 2 2 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>**MEMORANDUM OPINION**</u>

Plaintiff Theodore Blandford filed this *pro se* complaint seeking damages under 42 U.S.C. § 1983 and alleging that he was detained for seven days without a lawful basis. The defendant District of Columbia filed a motion for summary judgment, which Blandford opposed. Because the record evidence is such that no reasonable jury could return a verdict for Blandford, the District's motion for summary judgment will be granted.

FACTUAL BACKGROUND

Blandford alleges that on February 5, 2007, a friend posted bond for his release from jail, but that he was not released "until seven days later." (Compl. at 5.) He alleges that he told jail personnel that the warrant on which his detention was based had been quashed, and that "seven days later" when "the judge told them the same thing," he was finally released. (*Id.*) With his complaint, Blandford filed a copy of the D.C. Superior Court Appearance Bond and docket entries associated with his case, 06-FUG-28881. What those documents show is that on February 2, 2007, the D.C. Superior Court issued a bench warrant for Blandford's arrest related to an extradition request from the state of Maryland. (*See* Compl., Ex. 2.) The documents also

show that on February 5, 2007, Ada L. Coleman posted a $750 cash bond to secure Blandford's release from jail. (*See id.*; *see also* Ex. 1.) And, on February 7, 2007, while Blandford was at liberty on personal recognizance, he voluntarily appeared in D.C. Superior Court, where the bench warrant was quashed and the case was dismissed. (*See id.* Ex 2.)

The District of Columbia filed a motion for summary judgment asserting that Blandford was not in its custody after February 5, 2007. In support, the District filed a sworn statement and documentary evidence establishing that the jail census showed no record that Blandford was in custody of the District February 6 and 12, 2007, and that jail records showed that Blandford was released on February 5, 2007. (*See* Mot. for Summ. J., Ex. 1.) The District also submitted a copy of a jail release form signed by Blandford and a witness showing that Blandford was released at 9:43 p.m. on February 5, 2007. (*See id.*, Ex. 2.) In opposition, Blandford filed a signed statement repeating that he was detained for seven days beyond the time authorized.[1] (*See* Opp'n.) Blandford also stated in his opposition that he could prove his claim of unlawful detention through additional documentary evidence that he did not submit.[2]

### DISCUSSION

A defendant may at any time move for a summary judgment in the defendant's favor as to all or any claim asserted against it. Fed. R. Civ. P. 56(b). On a motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved

---

[1] Blandford did not again assert that the dates of his allegedly unlawful detention were February 6 through 12, 2007. Where a plaintiff discovers he has made an error in his complaint, but still has a valid claim, the proper procedure is to amend the complaint to correct the error.

[2] A court cannot consider documentary evidence that has not been submitted on the record. If a plaintiff wants the court to consider documentary evidence in ruling on a motion, the document must submitted for the record.

only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment may be granted only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002). A material fact is one that is capable of affecting the outcome of the litigation. *Liberty Lobby*, 477 U.S. at 248. A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.*, as opposed to evidence that "is so one-sided that one party must prevail as a matter of law," *id.* at 252. A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. *Id.* at 255. The nonmoving party, however, must do more than simply "show that there is some metaphysical doubt as to the material facts." Rather, the nonmovant must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(e)) (emphasis in original). In other words, the nonmoving party must present specific facts that would enable a reasonable juror to find in that party's favor. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). In the end, "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Blandford has not met his burden as nonmovant by providing specific facts to support his claim that he was detained beyond February 5, 2007. Rather, Blandford appended to his

complaint a document that shows he was at liberty on February 7, 2007 and voluntarily appeared in court on that date. Blandford's signed statement filed in opposition to the motion for summary judgment is at odds not only with the documentary evidence he submitted with his complaint, but also with the documentary evidence supplied by the defendant, which shows that Blandford was released on February 5, the day that bond was posted on his behalf, and was not in the District's jail facilities at anytime between February 6 and 12, 2007. While Blandford hints at other documentary evidence capable of supporting his claim that he was unlawfully detained between February 6 and 12, 2007, that evidence is not in the record. Drawing all justifiable inferences from the record evidence in the light most favorable to Blandford, the pleadings and sworn statements, including the documents appended thereto, show that there is no genuine issue of material fact that Blandford was released from the District's custody on February 5, 2007, the day cash bond was posted on his behalf. Accordingly, the Court concludes that the District of Columbia is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

A separate order accompanies this memorandum opinion.

*Royce C. Lamberth* 1/22/09
ROYCE C. LAMBERTH
Chief Judge